

1301 Avenue of the Americas
25th Floor
New York, NY 10019

646.927.5500 main
646.927.5599 fax

Jeffrey I.D. Lewis
646-927-5504 direct
jidlewis@foleyhoag.com

March 26, 2021

**MEMO ENDORSED**

> Plaintiffs are directed to respond to Defendant's argument that the Platt Family Artwork Trust must be represented by counsel by no later than Friday, April 2, 2021.  SO ORDERED.
>
> Edgardo Ramos, U.S.D.J
> Dated: 3/29/2021
> New York, New York

**By ECF**

Honorable Edgardo Ramos, U.S. District Court Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Platt Family Artwork Trust v. Michaan*,
     **Case No. 1:19-cv-04234-ER**

Dear Judge Ramos,

We represent defendant Allen Michaan in the above-referenced action and write both to advise the Court on the case's status and to request a continued stay until the Surrogate's Court appoints an Administrator to represent the interests of the Estate of Henry Platt (the "Estate").  As discussed below, the Estate, on behalf of Harry Platt who sold the paintings at issue, is a necessary party to this action, and it can appear only through an Administrator.  Defendant Michaan has filed a Petition in Surrogate's Court requesting such an appointment (File No. 2021-939).

Before addressing the instant request for a stay pending appointment of an Administrator, there is one point we wish to identify for the Court.  Original counsel for plaintiff The Platt Family Artwork Trust (the "Trust") was Charles Platt of Wilmer Cutler Pickering Hale and Dorr.  While this case was stayed by Your Honor's order, Charles Platt and the Wilmer firm withdrew by stipulation of the co-Trustees of the Trust, who then sought to appear on behalf of the Trust *pro se*.  Notably, neither of the co-Trustees is an attorney.  We have advised the Trustees that we believe they may not represent the Trust because it, as with a corporation, cannot appear *pro se* but must be represented by counsel admitted before this Court.  *See Lutin v. Advanced Mining Sys. (In re Advanced Mining Sys.)*, 94 Civ. 5744 (CSH), 1995 U.S. Dist. LEXIS 2585, at *1 (S.D.N.Y. Mar. 3, 1995) ("where an individual's position as a trustee casts him in a fiduciary role for others, he cannot as a non-attorney represent the trust"); *see also Bell v. S. Bay European Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007); *Hall v. Nationstar Mortg. LLC*, No. 13-cv-05550 (ENV) (CLP), 2013 U.S. Dist. LEXIS 169101, at *2 (E.D.N.Y. Nov. 22, 2013).  We have requested that the Trust designate new counsel of record but have not received a response.  We point this out not to seek any specific relief at this juncture, but rather to respectfully suggest that the Trust cannot even

Honorable Edgardo Ramos, U.S. District Court Judge
March 26, 2021
Page 2

engage before Your Honor on the issue of a stay pending appointment of an Administrator until counsel of record appears.

Nonetheless, since the Court's May 8, 2020 decision on Mr. Michaan's motion to dismiss, the parties have engaged in good faith settlement negotiations (prior to which the case was stayed by Court Order) and Charles Platt remained involved. As noted below, however, those negotiations have not yet produced a resolution and the passage of time now requires that defendant take further action. Accordingly, Mr. Michaan has filed an Answer, Counterclaims and Third-Party Complaint (ECF 41). The Trustees, as outlined below, have not consented to this request for a stay.

**BACKGROUND**

By way of background, the Trustees filed this case seeking recovery of two paintings created by Louis Comfort Tiffany that Defendant Michaan bought in 2011 from Henry Platt. The Complaint alleges that Henry Platt (a direct descendant of the artist) could not sell the paintings because he held them subject to an agreement with his two brothers that imposed a life estate and/or an anti-alienation restriction. The effect of such an agreement, the Complaint argues, requires that when Henry Platt died in 2015 the paintings reverted to the Platt family such that the sale to Mr. Michaan should be unwound.

When he sold the paintings to Mr. Michaan, Henry Platt represented, including in writing, that he had good title to the paintings he was selling. The Trustees do not dispute that Henry Platt made those representations, but instead primarily argue that those representations were false – in other words, the Trustees assert that Henry Platt defrauded Mr. Michaan because of the purported agreement with his brothers.

Significantly, the Trustees admit that there was no signed writing setting forth the purported life estate or anti-alienation agreement, as required by the New York statute of frauds, and Mr. Michaan filed a motion to dismiss on that basis. In denying that motion, the Court recognized, in relevant part, that a life estate or an anti-alienation restriction is subject to the statute of frauds but ruled that Mr. Michaan lacked standing to raise the defense because he was "a stranger to any agreement among the Platt brothers." Opinion and Order at pp. 9-10. After the issuance of the Opinion and Order, the parties agreed to enter into settlement discussions and to take no further action during the course of those discussions.

**THE SURROGATE'S COURT PETITION**

On March 11, 2021, Mr. Michaan filed a Petition in New York County Surrogate's Court seeking his appointment as Administrator of the Estate of Henry Platt. The Surrogate's Court has exclusive jurisdiction over certain key issues, which we respectfully submit must be decided before the case at bar can proceed, and accordingly we seek a stay until the Administrator is appointed. The involvement of the Surrogate's Court and appearance of the Administrator before this Court may clarify certain jurisdictional issues, avoid duplication of effort and, perhaps most important, permit the interposition of certain claims and defenses as to which the Estate must be present.

Honorable Edgardo Ramos, U.S. District Court Judge
March 26, 2021
Page 3

More specifically, Mr. Michaan's Petition requests his appointment as Limited Administrator of the Estate.  The Surrogate's Court has exclusive jurisdiction to appoint an Administrator, and so it will be up to the Surrogate to decide whether Mr. Michaan may properly represent the Estate's interests before Your Honor or to select another Administrator.  (Upon reasonable inquiry, we have been unable to determine that a will of Henry Platt was probated in any jurisdiction where he resided or that anyone – including any of his relatives – requested to administer his Estate.)  **Exhibit A** to this letter is a copy of that Petition for the Court's convenience.

Having the Estate as a party to the instant case is essential to protect the parties' rights and may prove dispositive for several reasons.  First, the Administrator has standing to assert the statute of frauds defense against the alleged agreement among the Platt brothers in defense of the Estate's liability to Mr. Michaan for fraud as to Henry Platt's representation of clear, marketable title; this is the case dispositive standing issue highlighted in Your Honor's decision on the motion to dismiss.  Second, if the Trust is correct that an enforceable agreement existed among the Platt brothers, then the estate must have an opportunity to defend claims against Harry Platt as a seller of the paintings at issue, including Mr. Michaan's claims that the Estate defrauded plaintiff by misrepresenting title and concealing the agreement. Third, if Henry Platt could not transfer the paintings to Mr. Michaan, then they potentially were part of his Estate at the time of death (for example, if the Trust proves an anti-alienation agreement) and it will be up to the Surrogate's Court to determine whether the paintings are assets of the Estate or part of the Trust's corpus.  And, Fourth, the Surrogate's Court has jurisdiction to determine who are the heirs and distributees of the Estate, as well as transferees of the Estate's assets (including paintings at issue here), which is material since under New York law (*e.g.*, NY EPTL 12-1.1) transferees can be liable for claims against the Estate.  All of these issues become relevant based upon Mr. Michaan's Third Party Complaint against the Estate and Henry Platt's direct and indirect disributees.

**THE THIRD PARTY COMPLAINT**

Earlier today, Mr. Michaan filed a Third Party Complaint in the action before Your Honor naming certain individuals as third party defendants.  Those defendants include the as yet unnamed Estate Administrator (John Doe 1), participants in the sale including John Does 2-5, and other unnamed heirs and distributees (John Does 6-25) as well as the Trust; their liability is largely contingent on whether the Trust succeeds in proving an agreement between the brothers.

The Third Party Complaint seeks to compensate Mr. Michaan if, as the Trustees allege, Henry Platt could not deliver good title to the paintings he sold.  We also believe that the Trust and its settlors, as transferees of the paintings and other assets of Henry Platt, may be liable to Mr. Michaan if Henry Platt defrauded him.  Although the Administrator may have to marshal the assets, we believe that the Estate includes valuable assets that may be sufficient to satisfy a judgment on the third-party claims.

Underlying these actions is fairness to Mr. Michaan, because if the Trustees succeed in proving there was an agreement hidden from Mr. Michaan then Mr. Michaan most certainly

Honorable Edgardo Ramos, U.S. District Court Judge
March 26, 2021
Page 4

was defrauded by Henry Platt and those who worked with him in any fraud.  Absent relief available against the Estate, he would be without both the paintings and the purchase money, making him the undeserving victim for buying paintings in good faith.  The ultimate source of Mr. Michaan's recompense if he has to surrender the paintings would depend on the assets of the Estate identified by an Administrator currently in the hands of third parties, including heirs, distributees and transferees that will be identified by the Surrogate's Court.

**THE REQUESTED STAY**

We respectfully submit that the Surrogate's Court will resolve many key issues, such that the matter will either be resolved or positioned to go forward with the properly identified parties before this Court.  The first step in that process is the appointment of an Administrator to represent the Estate.  Accordingly, we submit that a stay is appropriate pending that appointment – and perhaps longer depending upon the proceedings in Surrogate's Court – to allow the Surrogate's Court to resolve fundamental issues that must be decided before the case before Your Honor can proceed.

Before filing this letter request, we advised the Trustees that Mr. Michaan had filed a petition in Surrogate's Court and asked for the Trust's position on this request for a stay (at our request, Mr. Charles Platt, the Trust's former counsel of record – himself a nephew of Henry Platt and beneficiary of the Trust – participated in that call).  The Trustees have advised us that they oppose this request for a stay.  As noted above, we also have advised the Trust that it cannot continue to appear until it designates proper counsel of record.  For that reason, we request that this action, including consideration of the issues raised herein, be stayed in its entirety until such time as counsel appears on behalf of the trust and the Surrogate's Court appoints an Administrator.

      Respectfully submitted,

      /s/ *Jeffrey I D. Lewis*

      Jeffrey I. D. Lewis

cc:    Timo Platt (by email)
       Gordon Platt (by email)
       Charles Schmerler (by email)

Attachment

Honorable Edgardo Ramos, U.S. District Court Judge
March 26, 2021
Page 5

# Exhibit A
# Surrogates Court Petition

| | |
|---|---|
| **New York State Surrogate's Court**<br>NYSBA  New York State Bar Association Official OCA Forms | Form A-1<br>Petition for Letters of Administration |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF __NEW YORK__

Filing Fee Paid $ **1,250.00**
Certificates Paid $ **5**  **30.00**
Trustee Certs. Paid $
Prelim. Certs. Paid $
$ _____ Bond, Fee: $ _____
Receipt No.: _____ No.: _____

ADMINISTRATION PROCEEDING, ESTATE OF

**HENRY B. PLATT**

a/k/a

**HENRY PLATT A/K/A HARRY PLATT**

Deceased.

**PETITION FOR LETTERS OF:**
☐ Administration
☒ Limited Administration
☐ Administration with Limitations
☐ Temporary Administration

File No. _____

TO THE SURROGATE'S COURT, COUNTY OF __NEW YORK__

It is respectfully alleged:

1. The name, domicile and interest in this proceeding of the petitioner, who is of full age, is as follows:

**Petitioner Information:**

| Name | Citizenship |
|---|---|
| **Allen Michaan** | **United States** |

| Domicile Address: Street and Number |
|---|
| **1691 Central Avenue** |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Alameda** | **California** | **94501** | **United States** |

| County | Telephone |
|---|---|
| **Alameda** | **(510) 227-2503** |

| Mailing Address: Street and Number *(If different from domicile)* |
|---|
| **2751 Todd Street** |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Alameda** | **California** | **94501** | **United States** |

Interest: (*Check One*)  ☐ Distributee    ☒ Other  Person interested in an action brought in which the decedent would be a proper party

Is proposed Administrator an attorney?  ☐ Yes  ☒ No  [If yes, submit statement pursuant to 22 NYCRR 207.16(e); see also 207.52 (Accounting of attorney-fiduciary).]

The proposed Administrator  ☐ is  ☒ is not  a convicted felon nor is he/she otherwise ineligible, pursuant to SCPA 707 to receive letters. If the proposed Administrator is a convicted felon, submit a copy of the Certificate of Relief from Civil Disabilities.

2. The name, domicile, date and place of death, and national citizenship of the above-named decedent are as follows:

**Decedent Information:**

| Name | Citizenship |
|---|---|
| Henry B. Platt, a/k/a Henry Platt a/k/a Harry Platt | United States |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| 825 Fifth Avenue, Apt. 10E | | | |

| City, Village or Town | State/Province | ZIP Code | Country |
|---|---|---|---|
| New York | New York | 10065 | United States |

| County | Date of Death | Place of Death |
|---|---|---|
| New York | July 22, 2015 | Palm Beach County, FL |

**The Death Certificate must be filed with this proceeding.** If the decedent's domicile is different from that shown on the death certificate, check box  [X]  and attach an affidavit explaining the reason for this inconsistency.

3. The estimated gross value of: *[Do not include any assets that are jointly held in trust for another, or have a named beneficiary.]*

| | | |
|---|---|---|
| (a) The decedent's personal property passing by intestacy is less than | $ | 5,000,000.00 |
| (b) The decedent's real property, in this state, which is | | |
|     Improved, passing by intestacy, is less than | $ | 0.00 |
|     Description of each parcel: | | |
|     Unimproved, passing by intestacy, is less than | $ | 0.00 |
|     Description of each parcel: | | |
| | $ | 0.00 |
| Total | $ | 5,000,000.00 |
| (c) The estimated gross rent for a period of eighteen (18) months is the sum of | $ | 0.00 |

(d) In addition to the value of the personal property stated in paragraph (3) the following right of action existed on behalf of the decedent and survived his/her death, or is granted to the administrator of the decedent by special provision of law, and it is impractical to give a bond sufficient to cover the probable amount to be recovered therein: *[Briefly state the cause of action and the person against whom it exists, including names and carrier.]* ☐ None
**See attachment.**

(e) If decedent is survived by a spouse and a parent, or parents but no issue, and there is a claim for wrongful death, check here ☐ and furnish name(s) and address(es) of parent(s) in Paragraph 7. *[See EPTL 5-4.4.]*

4. A diligent search and inquiry, including a search of any safe deposit box, has been made for a will of the decedent and none has been found. Petitioner(s) has/have been unable to obtain any information concerning any will of the decedent and therefore allege(s), upon information and belief, that the decedent died without leaving any last will.

5. A search of the records of this Court shows that no application has ever been made for letters of administration upon the estate of the decedent or for the probate of a will of the decedent, and your petitioner is informed and verily believes that no such application ever has been made to the Surrogate's Court of any other county of this state.

6. The decedent left surviving the following who would inherit his/her estate pursuant to EPTL 4-1.1 and 4-1.2: *[Information is required only as to those classes of surviving relatives who would take the property of decedent pursuant to EPTL 4-1.1. State "number" of survivors in each class. Insert "No" in all prior classes. Insert "X" in all subsequent classes.]*

a. **NO**  Spouse (husband/wife).
b. **NO**  Child or children or descendants of predeceased child or children. *[Must include marital, nonmarital, and adopted.]*
c. **NO**  Any issue of the decedent adopted by persons related to the decedent (DRL Section 117).
d. **NO**  Mother/Father.
e. **2**   Sisters or brothers, either of whole or half blood, and issue of predeceased sisters or brothers.
f. **X**   Grandmother/Grandfather.
g. **X**   Aunts or uncles, and children of predeceased aunts or uncles (first cousins).
h. **X**   First cousins once removed (children of first cousins).

7. The decedent left surviving the following distributees, or other necessary parties, whose names, degrees of relationship, domiciles, post office addresses and citizenship are as follows: *[Show clearly how each person is related to decedent. If relationship is through an ancestor who is deceased, give name, date of death and relationship of the ancestor to the decedent. See Uniform Rules 207.16(b). If person is a nonmarital person, or descended from a nonmarital person, attach a copy of the order of filiation or Schedule A. If person was adopted by any persons related by blood or marriage to decedent or descended from such persons, attach Schedule B.]*

7. (a) The following are of full age and under no disability:

☐ Schedule A — Nonmarital Persons (Persons Born Out of Wedlock) is Attached

☐ Schedule B — Issue of the Decedent Who Were the Subject of an Adoption is Attached

| Name | | | Citizenship |
|---|---|---|---|
| **Thomas Collier Platt, Jr.** | | | **United States** |
| Domicile Address: Street and Number | | | |
| | | | |
| City, Village or Town | State | ZIP Code | Country |
| | | | **United States** |
| Mailing Address: Street and Number | | | |
| | | | |
| City, Village or Town | State | ZIP Code | Country |
| | | | |
| Relationship | | | |
| **Surviving brother of the decedent who subsequently died on 03/04/2017** | | | |

| Name | | | Citizenship |
|---|---|---|---|
| **Thomas C. Platt III** | | | **United States** |
| Domicile Address: Street and Number | | | |
| **520 State Highway 150** | | | |
| City, Village or Town | State | ZIP Code | Country |
| **Arroyo Seco** | **New Mexico** | **87514** | **United States** |
| Mailing Address: Street and Number | | | |
| **PO Box 196** | | | |
| City, Village or Town | State | ZIP Code | Country |
| **Arroyo Seco** | **New Mexico** | **87514** | **United States** |
| Relationship | | | |
| **Executor of the Estate of Thomas Collier Platt, Jr.** | | | |

| Name | | | Citizenship |
|---|---|---|---|
| **Graham Lusk Platt** | | | **United States** |
| Domicile Address: Street and Number | | | |
| | | | |
| City, Village or Town | State | ZIP Code | Country |
| | | | **United States** |
| Mailing Address: Street and Number | | | |
| | | | |
| City, Village or Town | State | ZIP Code | Country |
| | | | |
| Relationship | | | |
| **Surviving brother of the decedent who subsequently died on 01/25/2016** | | | |

| Name | | | Citizenship |
|---|---|---|---|
| **Christina May Nelson** | | | **United States** |
| Domicile Address: Street and Number | | | |
| | | | |
| City, Village or Town | State | ZIP Code | Country |
| | | | **United States** |
| Mailing Address: Street and Number | | | |
| | | | |
| City, Village or Town | State | ZIP Code | Country |
| | | | |
| Relationship | | | |
| **Executor of the estate of Graham Lusk Platt** | | | |

**Continued on next page.**

7. (b) The following are infants and/or other persons under disability:

☐ Schedule A — Nonmarital Persons (Persons Born Out of Wedlock) is Attached

☐ Schedule B — Issue of the Decedent Who Were the Subject of an Adoption is Attached

☐ Schedule C — Infants is Attached

☐ Schedule D — Persons Under Disability Other than Infants is Attached

| Name | Citizenship |
|---|---|
| Domicile Address: Street and Number | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| Mailing Address: Street and Number | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| Relationship | | | |

| Name | Citizenship |
|---|---|
| Domicile Address: Street and Number | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| Mailing Address: Street and Number | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| Relationship | | | |

| Name | Citizenship |
|---|---|
| Domicile Address: Street and Number | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| Mailing Address: Street and Number | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| Relationship | | | |

| Name | Citizenship |
|---|---|
| Domicile Address: Street and Number | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| Mailing Address: Street and Number | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| Relationship | | | |

8. There are no outstanding debts or funeral expenses, except: ☐ None
**The Peititioner is unable to confirm whether there are any outstanding debts of the decedent.**

9. There are no other persons interested in this proceeding other than those hereinbefore mentioned.

WHEREFORE, your petitioner respectfully prays that:

[X] a. Process issue to all necessary parties to show cause why letters should not be issued as requested;

☐ b. An order be granted dispensing with service of process upon those persons named in Paragraph (7) who have a right to letters prior or equal to that of the person nominated, and who are nondomiciliaries or whose names or whereabouts are unknown and cannot be ascertained;

[X] c. A decree award Letters of:

   ☐ Administration to _____

   [X] Limited Administration to **Allen Michaan** _____

   ☐ Administration with Limitation to _____

   ☐ Temporary Administration to _____

or other such person or persons having prior right as may be entitled thereto, and;

☐ d. That the authority of the representative under the foregoing Letters be limited with respect to the prosecution or enforcement of a cause of action on behalf of the estate, as follows: the administrator(s) may not enforce a judgment or receive any funds without further order of the Surrogate.

[X] e. That the authority of the representative under the foregoing Letters be limited as follows:
**The representative shall be authorized to join the Decedent's estate in the action captioned <u>Timo Platt and Gordon Platt, co-trustees of the Platt Family Artwork Trust v. Allen Michaan</u>, No. 19- CV-4234 (S.D.N.Y.) and to raise all necessary and proper defenses and counterclaims in that action that are reserved to the Decedent's estate.**

☐ f. Further relief sought (if any):


Dated: _____


_____
Signature of Petitioner
**Allen Michaan**
Print Name

_____
Signature of Petitioner

Print Name

_____
Name of Corporate Petitioner

_____
Signature of Petitioner

By _____
Signature

_____
Print Name

Print Name

_____
Signature of Petitioner

Title

Print Name

**COMBINED VERIFICATION, OATH AND DESIGNATION**
*For use when petitioner is to be appointed administrator*

STATE OF __CALIFORNIA__ } ss.:
COUNTY OF _____

I, the undersigned, the petitioner named in the foregoing petition, being duly sworn, say:

1. VERIFICATION: I have read the foregoing petition subscribed by me and know the contents thereof, and the same is true of my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

2. OATH OF ADMINISTRATOR as indicated above: I am over eighteen (18) years of age and a citizen of __the United States__; and I will well, faithfully and honestly discharge the duties of Administrator of the goods, chattels and credits of said decedent according to law. I am not ineligible, pursuant to SCPA 707, to receive letters and will duly account for all moneys and other property that will come into my hands.

3. DESIGNATION OF CLERK FOR SERVICE OF PROCESS: I do hereby designate the Clerk of the Surrogate's Court of __New York__ County, and his/her successor in office, as a person on whom service of any process, issuing from such Surrogate's Court may be made in like manner and with like effect as if it were served personally upon me, whenever I cannot be found and served within the State of New York after due diligence used.

My domicile is: __1691 Central Avenue, Alameda, California 94501__

_____
Signature of Petitioner
**Allen Michaan**
Print Name

On the _____ day of _____ in the year _____ before me, the undersigned, personally appeared, **Allen Michaan** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Sworn to before me this
_____ day of _____

_____
Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

| | |
|---|---|
| _____ | **Stephanie E. Heilborn** |
| Signature of Attorney | Print Name of Attorney |
| **Proskauer Rose LLP** | **(212) 969-3679** |
| Firm Name | Telephone |
| **11 Times Square, New York, New York 10036-8299** | **sheilborn@proskauer.com** |
| Address | Email *(optional)* |