UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMO PLATT, and GORDON PLATT, *as co-trustees of the Platt Family Artwork Trust*,<br><br>                    Plaintiffs,<br><br>– against –<br><br>ALLEN MICHAAN,<br><br>                    Defendant. | **ORDER**<br><br>19 Civ. 4234 (ER) |
| ALLEN MICHAAN,<br><br>                    Counterclaimant,<br><br> -against-<br><br>TIMO PLATT, and GORDON PLATT, *as co-trustees of the Platt Family Artwork Trust*,<br><br>                    Counterclaim Defendants. | |
| ALLEN MICHAAN,<br><br>                    Defendant and Third-Party Plaintiff,<br><br>-against-<br><br>*Estate of Henry B. Platt*, by JOHN DOE 1 *as Administrator*, THORUNN WATHNE, TIMO PLATT, and GORDON PLATT, *as co-trustees of the Platt Family Artwork Trust*, and JOHN DOES 2-25,<br><br>                    Third-Party Defendants. | |

Ramos, D.J.:

   The Court is in receipt of Plaintiffs' letter dated April 1, 2021 and Defendants' letter

response dated April 2, 2021, regarding Plaintiffs' ability to proceed *pro se* in this case in their capacities as co-trustees of the Platt Family Artwork Trust. Docs. 45, 47. The Court finds that Plaintiffs may not proceed *pro se*.

The general rule in this Circuit is that an artificial entity, which can only act through its agents, may not proceed *pro se*. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). Plaintiffs argue that this rule is limited to corporations. Doc. 45 at 2. However, this rule is equally applicable to trusts. *See Bell v. S. Bay European Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) ("A trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust."); *see also Advanced Mining Sys., Inc. v. Advanced Mining Sys.*, No. 94 Civ. 5744 (CSH), 1995 WL 92309, at *1 (S.D.N.Y. Mar. 7, 1995). Indeed, the Court in *Bell* also applied this rule to a *pro se* individual who was the assignee of a trust's contractual rights. *Bell*, 486 F. Supp. 2d at 258. Moreover, while the brief order in *Advanced Mining Sys.* left open the possibility that an individual who is the "100% beneficial owner of the Trust asset at issue" might be permitted to proceed *pro se*, Plaintiffs here do not (and cannot, based on the available record) argue that this principle applies to them.[1]

Plaintiffs also proffer several policy arguments as to why they should be permitted to proceed *pro se*. For example, Plaintiffs argue that their claims are not frivolous, that their pleadings have not and will not be poorly drafted, and note that one of the trustees has "previously practiced law." Doc. 45 at 2–3. This all may be true; however, none of these arguments overcome the established law discussed above. Indeed, while it is true that such policy concerns were discussed in *Jones*, this discussion was dicta, and simply provided

---

[1] For example, while Plaintiffs argue that their interest in recovering the painting at issue is "based on their individual interest," they also note that this interest is "shared in common with all Trust members" and that "[a]ll items of Trust art are owned by the Trust." Doc. 45 at 2–3.

additional support for the court's holding that an assignee of a corporation's claims could not proceed *pro se*. *See Jones*, 722 F.2d at 22–23; *see also Bell*, 486 F. Supp. 2d at 259 (citing with approval the policy discussion in *Jones*). In short, these cases establish a rule, not a balancing test, and Plaintiffs are still subject to that rule regardless of how their skills might compare to those of the typical *pro se* plaintiff. Finally, Plaintiffs urge the court to follow *Gilberg v. Lennon*, 622 N.Y.S.2d 962 (N.Y. App. Div. 1995). However, even assuming *arguendo* that the Court were bound by *Gilberg*, it would not govern here, as the Second Department merely held that an attorney who was a member of a partnership of attorneys could represent that partnership *pro se*. 622 N.Y.S.2d at 664. It does not follow from this decision that a non-attorney trustee should be permitted to represent the interest of a trust *pro se*, particularly in light of the previously discussed precedent from this District and Circuit.

For the reasons discussed, Plaintiffs are instructed to retain counsel to continue prosecuting this case. Plaintiffs are hereby instructed to file a status report with the Court upon the retention of counsel, or by May 17, 2021, whichever is earlier. All parties' deadlines to respond to Michaan's Counterclaims, Third-Party Complaint, and request to stay this action pending the appointment of an Administrator in the Surrogate's Court Action, are hereby stayed until counsel for Plaintiffs file a notice of appearance, or upon further order from the Court.

It is SO ORDERED.

Dated: April 5, 2021
New York, New York

_____
Edgardo Ramos, U.S.D.J.