UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMO PLATT, AND GORDON PLATT, *as co-trustees of the Platt Family Artwork Trust*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>ALLEN MICHAAN,<br><br>　　　　　　　　Defendant. | **ORDER**<br><br>19 Civ. 4234 (ER) |
| ALLEN MICHAAN,<br><br>　　　　　　　　Counterclaimant,<br><br>　　　　-against-<br><br>TIMO PLATT, AND GORDON PLATT, *as co-trustees of the Platt Family Artwork Trust*,<br><br>　　　　　　　　Counterclaim Defendants. | |
| ALLEN MICHAAEN,<br><br>　　　　　　　Defendant and Third-Party<br>　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>*Estate of Henry B. Platt*, by JOHN DOE 1 *as Administrator*, THORUNN WATHNE, TIMO PLATT, and GORDON PLATT, *as co-trustees of the Platt Family Artwork Trust*, and JOHN DOES 2-25,<br><br>　　　　　　　Third-Party Defendants. | |

Ramos, D.J.:

　　The Court is in receipt of Plaintiffs' letter dated April 15, 2021 requesting reconsideration

of the April 5, 2021 order instructing them to retain counsel to continue prosecuting this action

on behalf of the Trust. *See* Doc. 49 (requesting reconsideration of Doc. 48). Plaintiffs have not identified any "controlling decisions or data that the court overlooked." *See Shrader v. CSX Transp. Corp.*, 70 F.3d 255, 257 (2d Cir. 1995). Plaintiffs' motion is therefore DENIED.

Plaintiffs first argue that the Court overlooked the plain text of 28 U.S.C. § 1654, which provides that "parties may plead and conduct their own cases personally or by counsel." However, § 1654 was expressly considered and rejected in the cases relied on by the Court. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (considering the text of § 1654); *Bell v. S. Bay European Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) (citing the preceding excerpt of *Jones* in determining that a trust should be treated similarly to a corporation for the purposes of *pro se* representation). Thus, § 1654 simply does not govern when a plaintiff seeks to proceed *pro se* in a capacity that implicates the representation of another's legal interest. *See, e.g.*, *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (noting that, despite the plain text of § 1654, "appearance *pro se* denotes . . . appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity.").

Plaintiffs also attempt to argue that the Court "incorrectly assumes that a trust such as the Trust here is an artificial entity . . . similar to a corporation," when the trust in fact denotes a legal relationship. Doc. 49 at 2. Setting aside the fact that the court in *Bell* explicitly stated that "[a] trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust," 486 F. Supp. 2d at 259, this argument misapprehends the reasoning of the April 5 order. The Court recognizes that a trust typically involves, in Plaintiffs' words, "a trustee who undertakes duties with respect to the trust property for the beneficiary of the trust." *See* Doc. 49 at 3. But this is precisely the reason that *pro se* representation is not allowed in this context. The Second Circuit's reasoning in *Pridgen*, in which the court held that

2

an "administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant," is instructive here. *See* 113 F.3d at 393. In *Pridgen*, the court reasoned that such an administratrix or executrix could not appear *pro se* because, if they did so, "the action cannot be described as the litigant's own" but instead would also be asserting the legal interests of others beyond the *pro se* litigant. *Id.* (noting analogous Circuit precedent such as the inability to *pro se* pursue a shareholder derivative suit, represent a partnership, or appear on behalf of a minor child). The principle common to this line of cases is that courts require counsel whenever an unlicensed individual seeks to represent an interest that is not strictly their own. As the Court has previously observed, this is precisely what Plaintiffs are seeking to do. *See* Doc. 48 at 2 n.1 (noting that Plaintiffs have not alleged that they are the sole beneficial owners of the Trust, but that their interest in the artwork is shared in common with other Trust members).

Finally, the Court is unpersuaded by Plaintiffs' citation of Texas precedent, which is not binding here.[1] Both "federal and New York law 'prohibit[] the practice of law . . . on behalf of anyone other than himself or herself by a person who is not an admitted member of the Bar . . . '" *See Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 301–02 (E.D.N.Y. 2009) (citation omitted) (discussing other circuit precedent in accord). The Court recognizes that Plaintiffs have argued that they are representing their own rights as Trustees rather than the interests of the Trust

---

[1] Even if such cases were binding on this Court, the facts of *Huie v. DeShazo*, 922 S.W.2d 920 (Tex. 1996) and *Ex Parte Shaffer*, 649 S.W.2d 300 (Tex. 1983) are distinguishable for the reasons cited by Defendant: *Huie* arose in the context of an attorney-client privilege dispute, not a dispute about *pro se* representation, and *Shaffer* was not a dispute about a trustee's ability to represent a trust *pro se*, but rather an executor's ability to defend himself *pro se* in a suit for breach of fiduciary duty. *See* Doc. 52 at 2. In the latter situation, the executor was no longer proceeding on behalf of the estate, but rather defending himself individually from breach of fiduciary duty allegations. *Shaffer*, 649 S.W.2d at 301. The Court also finds that Plaintiffs' citation of *Americold Realty Trust v. Conagra Foods, Inc.*, which held that diversity of citizenship for a trust is determined by the citizenship of its members, is inapposite, as it does not address *pro se* representation. 577 U.S. 378, 382–83 (2016).

3

members.  However, this argument is undermined by the logic of the Complaint:  All four causes of action in this case are predicated on the Trust's alleged ownership of the paintings at issue, not Plaintiffs' personal ownership of these paintings.  Doc. 1 at ¶¶ 26–50.  Plaintiffs provide no reason why, under these circumstances, they are not representing the interests of the other Trust members in seeking replevin of the paintings, particularly given that they have previously represented that their interests are "shared in common" with such Trust members.  Doc. 45 at 3.

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 49.

It is SO ORDERED.

Dated:   April 22, 2021
         New York, New York

_____
Edgardo Ramos, U.S.D.J.