THE LAW OFFICES OF

# NEAL BRICKMAN, P.C.

420 LEXINGTON AVENUE, SUITE 2811
NEW YORK, NEW YORK 10170

NEAL BRICKMAN
JUDITH L. GOLDSBOROUGH
ETHAN Y. LEONARD
VIRGINIA A. REILLY
JASON A. STEWART

TELEPHONE:
(212) 986-6840

TELECOPIER:
(212) 986-7691

By ECF                                              December 28, 2021
The Honorable Edgardo Ramos,
United States District Court Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: ***Platt Family Artwork Trust v. Michaan*, Case No. 1:19-cv-04234-ER**
    Reply to Defendant Allen Michaan Letter Motion dated November 23, 2021

Dear Judge Ramos:

      Plaintiffs, Timo Platt and Gordon Platt, as co-trustees of The Platt Family Artwork Trust (the "Trust"), in the above-referenced action, submit this letter:

(1) in reply to defendant Allen Michaan's ("Defendant") letter dated November 23, 2021 ("Letter Motion"), as specified by this Court's Order dated December 17, 2021 (the "Order");

(2) pursuant to Rule 25 of the Federal Rules of Civil Procedure, to file this letter motion to substitute Gordon Platt and Timo Platt, in their individual capacities, as the Plaintiffs in this action in place of Gordon Platt and Timo Platt, in their capacity as trustees; and

(3) pursuant to Local Rule 1.4, request that Neal Brickman be allowed to withdraw as counsel to co-trustees Timo Platt and Gordon Platt in this action.

1

A. Opposition to Defendant's Letter Motion

The first paragraph of the defendant's Letter Motion implies that the Surrogate Court appointed the New York County Public Administrator (the "PA") as the Administrator of the Estate of Henry B Platt (Estate).   That is incorrect.   As is clear from the Surrogate Court Order dated October 4, 2021 (attached as Exhibit 1) (the "Decree"), that court simply ordered that limited letters of administration be issued to the PA, that the PA is authorized but not required to appear in this federal litigation, and the PA's authority be so restricted.

At its August 18 hearing, the Surrogate Court confirmed that the PA retains the discretion, giving consideration to resources and legal fees, as to whether or not she will enter an appearance in this action representing the Estate.   Because the PA has not yet advised whether or not she will appear in this action; and according to PACER, no appearance has been filed by the PA in this federal litigation on behalf of the Estate, it is premature to order the substitution of the PA as a party in place of JOHN DOE 1, as requested by defendant.

Furthermore, if the PA decides not to enter an appearance in this federal litigation, or if the Surrogate Court hereafter appoints a different person or entity to serve as the full Administrator of the Estate, then such Administrator would be the appropriate party to add as a third-party defendant, instead of the PA.

Moreover, third-party Defendant Thorunn Wathne has proffered the existence of an alleged Will of Henry B Platt--which if valid would raise questions whether the Decree was providently granted, and even whether the underlying administrative estate is properly maintained.

Plaintiffs are not willing to delay discovery or the issuance by this Court of a scheduling order, given the uncertainty and indefinite timing of future decision(s) or action by the PA or

2

rulings of the Surrogate Court.

B. <u>Motion to substitute parties as plaintiffs</u>

Pursuant to Rule 25 of the Federal Rules of Civil Procedure, the Plaintiffs will move to substitute Gordon Platt and Timo Platt, in their individual capacities (jointly, "Messrs. Platt"), as the Plaintiffs in this action in place of Gordon Platt and Timo Platt, in their capacity as trustees.

Plaintiffs' motion will be based on a recent transaction in which Messrs Platt in their individual capacities acquired by purchase from the Trustees "(Trustees")" of The Platt Family Artwork Trust (the "Trust") the Paintings – that are the object of this litigation – and the right to pursue the recovery of the Paintings in this litigation (see Bill of Sale attached hereto as Exhibit 2), free and clear of any and all interests of, or duties to, the Trustees or any member of the Trust; subject to the continuing Restriction against Transfer that perpetually prohibits the transfer of the Paintings outside the family.

Pursuant to the express statutory language of 28 USC §1654, each of Gordon Platt and Timo Platt, in his individual capacity, has the right to "plead and conduct their own cases personally."

C. <u>Motion to withdraw as counsel</u>

Pursuant to Rule 1.4 of the Local Rules of the United States Courts for the Southern and Eastern Districts of New York, Neal Brickman will move this Court for leave to withdraw as counsel for Timo Platt and Gordon Platt, as co-trustees of the Platt Family Artwork Trust, in the above-captioned action.

In support of such notice and in conformance with Local Rule 1.4, undersigned counsel states the following:

1. Plaintiffs have requested that they be substituted in their individual capacities for the reasons stated herein and as such the Trustees will no longer be a party to this action.
2. The case is not set for trial. My withdrawal will not occasion a request for an extension of any deadlines in this action.
3. I am not asserting or retaining a charging lien in connection with my departure.
4. Pursuant to Local Rule 1.4, a copy of this motion will be served upon the client and upon all other parties.

In summary, the Plaintiffs respectfully request that this Court: (1) deny defendant's motion; (2) permit Plaintiffs' motion for substitution and (3) allow Neal Brickman to move to withdraw as counsel for the Trust in this action.

Respectfully submitted,

/s/ Neal Brickman

Neal Brickman

cc: Counsel of Record (by ECF)