UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
TIMO PLATT and GORDON PLATT, *as co-trustees of* :
*the Platt Family Artwork Trust,* :
                                    : Case No.: 1:19-cv-04234-ER
                 Plaintiffs, :
                                     :
                 -against- : **ANSWER TO**
                                     : **THIRD-PARTY**
ALLEN MICHAAN, : **COMPLAINT AND**
                                    : <u>**AFFIRMATIVE DEFENSES**</u>
                 Defendant. :
------------------------------------- x
ALLEN MICHAAN, :
                 Counterclaimant, :
                 -against- :
TIMO PLATT and GORDON PLATT, *individually and* :
*as co-trustees of the Platt Family Artwork Trust*, :
                 Counterclaim Defendants. :
------------------------------------- x
ALLEN MICHAAN, :
               Defendant and Third-Party Plaintiff, :
                 -against- :
*Estate of Henry B. Platt*, by THE NEW YORK :
COUNTY PUBLIC ADMINISTRATOR *as* :
*Administrator*, THORUNN WATHNE, TIMO PLATT, :
and GORDON PLATT, *as co-trustees of the Platt* :
*Family Artwork Trust*, and JOHN DOES 2-25, :
                 Third-Party Defendants. :
------------------------------------- x

       Third-Party Defendant Thorunn Wathne ("Wathne"), by and through her attorneys, Windels Marx Lane & Mittendorf, LLP, as and for her Answer to the Amended Third-Party

Complaint (the "Third-Party Complaint") filed by Third-Party Plaintiff Allen Michaan ("Michaan"), states as follows:

## AS AND FOR AN ANSWER TO THE INTRODUCTION

1. Paragraph 1 contains one or more legal conclusions, to which no response is required. To the extent a response to this paragraph is required, Wathne denies the allegations contained in paragraph 1 of the Third-Party Complaint.

2. Wathne admits the allegations contained in paragraph 2 of the Third-Party Complaint.

3. Wathne admits the allegations contained in paragraph 3 of the Third-Party Complaint except affirmatively denies the Trustees' allegations in the Underlying Action.[1]

4. Paragraph 4 contains one or more legal conclusions, to which no response is required. To the extent a response to this paragraph is required, Wathne denies the allegations contained in paragraph 4 of the Third-Party Complaint.

5. Wathne denies the allegations contained in paragraph 5 of the Third-Party Complaint.

6. Wathne denies the allegations contained in paragraph 6 of the Third-Party Complaint.

7. Wathne denies the allegations contained in paragraph 7 of the Third-Party Complaint.

## AS AND FOR AN ANSWER TO PARTIES

8. Wathne denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Third-Party Complaint.

---

[1] Unless otherwise noted, capitalized terms used herein shall have the same meaning as set forth in the Third-Party Complaint.

{12009834:1}

9. Wathne admits the allegations contained in paragraph 9 of the Third-Party Complaint.

10. Wathne denies the allegations contained in paragraph 10 of the Third-Party Complaint.

11. Wathne denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Third-Party Complaint.

12. Wathne denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Third-Party Complaint.

**AS AND FOR AN ANSWER TO JURISDICTION AND VENUE**

13. Paragraph 13 contains one or more legal conclusions, to which no response is required. To the extent a response to this paragraph is required, Wathne denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Third-Party Complaint.

14. Paragraph 14 contains one or more legal conclusions, to which no response is required. To the extent a response to this paragraph is required, Wathne denies the allegations contained in paragraph 14 of the Third-Party Complaint.

15. Paragraph 15 contains one or more legal conclusions, to which no response is required. To the extent a response to this paragraph is required, Wathne denies the allegations contained in paragraph 15 of the Third-Party Complaint.

16. Paragraph 16 contains one or more legal conclusions, to which no response is required. To the extent a response to this paragraph is required, Wathne denies the allegations contained in paragraph 16 of the Third-Party Complaint.

17. Paragraph 17 contains one or more legal conclusions, to which no response is required. To the extent a response to this paragraph is required, Wathne denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Third-Party Complaint.

## AS AND FOR AN ANSWER TO FACTUAL ALLEGATIONS

18. Wathne admits the allegations contained in paragraph 18 of the Third-Party Complaint.

19. Wathne admits the allegations contained in paragraph 19 of the Third-Party Complaint.

20. Paragraph 20 contains one or more legal conclusions, to which no response is required. To the extent a response to this paragraph is required, Wathne denies the allegations contained in paragraph 20 of the Third-Party Complaint.

21. Wathne admits the allegations contained in paragraph 21 of the Third-Party Complaint except affirmatively denies the Trustees' allegations in the Complaint.

22. Wathne denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third-Party Complaint.

23. Wathne denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Third-Party Complaint.

24. Wathne admits the allegations contained in paragraph 24 of the Third-Party Complaint.

25. Wathne denies the allegations contained in paragraph 25 of the Third-Party Complaint.

26. Wathne admits the allegations contained in paragraph 26 of the Third-Party Complaint.

27. Wathne denies the allegations contained in paragraph 27 of the Third-Party Complaint.

28. Wathne admits the allegations contained in paragraph 28 of the Third-Party Complaint.

29. Wathne denies the allegations contained in paragraph 29 of the Third-Party Complaint.

30. Wathne denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Third-Party Complaint.

31. Wathne denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Third-Party Complaint.

32. Wathne admits the allegations contained in paragraph 32 of the Third-Party Complaint.

33. Wathne denies the allegations contained in paragraph 33 of the Third-Party Complaint.

34. Wathne denies the allegations contained in paragraph 34 of the Third-Party Complaint.

35. Wathne admits the allegations contained in paragraph 35 of the Third-Party Complaint except affirmatively denies the Trustees' allegations in its Complaint.

36. Wathne denies the allegations contained in paragraph 36 of the Third-Party Complaint.

**AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF**
<u>**Fraudulent Misrepresentation against the Estate, Wathne and John Does 2-5**</u>

37. In response to paragraph 37 of the Third-Party Complaint, Wathne repeats and realleges each and every response to the allegations contained in paragraphs 1 through 36 with the same force and effect as through though fully set forth herein.

38. Wathne denies the allegations contained in paragraph 38 of the Third-Party Complaint.

39. Wathne denies the allegations contained in paragraph 39 of the Third-Party Complaint.

40. Wathne denies the allegations contained in paragraph 40 of the Third-Party Complaint.

41. Wathne denies the allegations contained in paragraph 41 of the Third-Party Complaint.

42. Wathne denies the allegations contained in paragraph 42 of the Third-Party Complaint.

43. Wathne denies the allegations contained in paragraph 43 of the Third-Party Complaint.

44. Wathne denies the allegations contained in paragraph 44 of the Third-Party Complaint.

45. Wathne denies the allegations contained in paragraph 45 of the Third-Party Complaint.

**AS AND FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF**
<u>**Aiding & Abetting against Wathne and John Does 2-5**</u>

46. In response to paragraph 46 of the Third-Party Complaint, Wathne repeats and realleges each and every response to the allegations contained in paragraphs 1 through 45 with the same force and effect as through though fully set forth herein.

47. Wathne denies the allegations contained in paragraph 47 of the Third-Party Complaint.

48. Wathne denies the allegations contained in paragraph 48 of the Third-Party Complaint.

49. Wathne denies the allegations contained in paragraph 49 of the Third-Party Complaint.

50. Wathne denies the allegations contained in paragraph 50 of the Third-Party Complaint.

51. Wathne denies the allegations contained in paragraph 51 of the Third-Party Complaint.

**AS AND FOR AN ANSWER TO THE THIRD CLAIM FOR RELIEF**
<u>**Conspiracy to Commit Fraud against the Estate, Wathne and John Does 2-5**</u>

52. In response to paragraph 52 of the Third-Party Complaint, Wathne repeats and realleges each and every response to the allegations contained in paragraphs 1 through 51 with the same force and effect as through though fully set forth herein.

53. Wathne denies the allegations contained in paragraph 53 of the Third-Party Complaint.

54. Wathne denies the allegations contained in paragraph 54 of the Third-Party Complaint.

55. Wathne denies the allegations contained in paragraph 55 of the Third-Party Complaint.

56. Wathne denies the allegations contained in paragraph 56 of the Third-Party Complaint.

57. Wathne denies the allegations contained in paragraph 57 of the Third-Party Complaint.

58. Wathne denies the allegations contained in paragraph 58 of the Third-Party Complaint.

**AS AND FOR AN ANSWER TO THE FOURTH CLAIM FOR RELIEF**
<u>**Rescission Based on Mutual Mistake against the Estate and John Does 2-5**</u>

59. In response to paragraph 59 of the Third-Party Complaint, Wathne repeats and realleges each and every response to the allegations contained in paragraphs 1 through 58 with the same force and effect as through though fully set forth herein.

60. Wathne denies the allegations contained in paragraph 60 of the Third-Party Complaint.

61. Wathne denies the allegations contained in paragraph 61 of the Third-Party Complaint.

62. Wathne denies the allegations contained in paragraph 62 of the Third-Party Complaint.

63. Wathne denies the allegations contained in paragraph 63 of the Third-Party Complaint.

64. Wathne admits the allegations contained in paragraph 64 of the Third-Party Complaint.

65. Wathne admits the allegations contained in paragraph 65 of the Third-Party Complaint.

66. Wathne denies the allegations contained in paragraph 66 of the Third-Party Complaint.

**AS AND FOR AN ANSWER TO THE FIFTH CLAIM FOR RELIEF**
**Rescission Based on Unilateral Mistake against the Estate and John Does 2-5**

67. In response to paragraph 67 of the Third-Party Complaint, Wathne repeats and realleges each and every response to the allegations contained in paragraphs 1 through 66 with the same force and effect as through though fully set forth herein.

68. Wathne denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Third-Party Complaint.

69. Wathne denies the allegations contained in paragraph 69 of the Third-Party Complaint.

70. Wathne denies the allegations contained in paragraph 70 of the Third-Party Complaint.

71. Wathne denies the allegations contained in paragraph 71 of the Third-Party Complaint.

72. Wathne denies the allegations contained in paragraph 72 of the Third-Party Complaint.

73. Wathne admits the allegations contained in paragraph 73 of the Third-Party Complaint.

74. Wathne denies the allegations contained in paragraph 74 of the Third-Party Complaint.

**AS AND FOR AN ANSWER TO THE SIXTH CLAIM FOR RELIEF**
**Breach of Express Warranties against the Estate, Wathne and John Does 2-5**

75. In response to paragraph 75 of the Third-Party Complaint, Wathne repeats and realleges each and every response to the allegations contained in paragraphs 1 through 74 with the same force and effect as through though fully set forth herein.

76. Wathne denies the allegations contained in paragraph 76 of the Third-Party Complaint.

77. Wathne admits the allegations contained in paragraph 77 of the Third-Party Complaint.

78. Wathne denies the allegations contained in paragraph 78 of the Third-Party Complaint.

79. Wathne admits the allegations contained in paragraph 79 of the Third-Party Complaint.

80. Wathne denies the allegations contained in paragraph 80 of the Third-Party Complaint.

81. Wathne denies the allegations contained in paragraph 81 of the Third-Party Complaint.

**AS AND FOR AN ANSWER TO THE SEVENTH CLAIM FOR RELIEF**
**Liability for the Estate, Wathne, the Trust and John Does 6-25**
(NY EPTL 12-1.1)

82. In response to paragraph 82 of the Third-Party Complaint, Wathne repeats and realleges each and every response to the allegations contained in paragraphs 1 through 81 with the same force and effect as through though fully set forth herein.

83. Wathne denies the allegations contained in paragraph 83 of the Third-Party Complaint.

84. Wathne denies the allegations contained in paragraph 84 of the Third-Party Complaint.

85. Wathne denies the allegations contained in paragraph 85 of the Third-Party Complaint.

### AS AND FOR AN ANSWER TO THE EIGHTH CLAIM FOR RELIEF
### Quantum Meruit against the Estate, Wathne, the Trust and John Does 6-25

86. In response to paragraph 86 of the Third-Party Complaint, Wathne repeats and realleges each and every response to the allegations contained in paragraphs 1 through 85 with the same force and effect as through though fully set forth herein.

87. Wathne denies the allegations contained in paragraph 87 of the Third-Party Complaint.

### ANSWER TO PRAYER FOR RELIEF

The remainder of the Third-Party Complaint recites a prayer for relief to which no response is required. To the extent any response is required, Wathne denies that Michaan has any valid cause of action against Wathne and that he is entitled to any relief.

### AFFIRMATIVE DEFENSES

Defendants assert the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law.

### AS AND FOR A FIRST DEFENSE

The Third-Party Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

Michaan's claims are barred, in whole or in part, by documentary evidence.

{12009834:1}

### AS AND FOR A THIRD DEFENSE

Michaan's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel and/or unclean hands.

### AS AND FOR A FOURTH DEFENSE

Michaan's claims are barred by the applicable statutes of limitations.

### AS AND FOR A FIFTH DEFENSE

Michaan's claims are barred to the extent Michaan failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Third-Party Complaint, if any.

### AS AND FOR A SIXTH DEFENSE

Michaan's alleged injuries and/or damages, their entitlement to which being expressly denied, were caused by Michaan's own actions, omissions or conduct.

### AS AND FOR A SEVENTH DEFENSE

Michaan's claims fail because the underlying claims are without any legal merit.

### AS AND FOR AN EIGHTH DEFENSE

Michaan's claims fail for lack of privity.

### AS AND FOR A NINTH DEFENSE

Michaan's claims, to the extent they seek they are based on claims against the Estate of Henry Platt, are barred by documentary evidence and lack of jurisdiction.

### RESERVATION OF RIGHTS

Wathne gives notice that she intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend this Answer to assert such additional defenses.

{12009834:1}

**WHEREFORE**, Wathne hereby requests that the Court grant the following relief:

(i) dismiss the Third-Party Complaint in its entirety with prejudice;

(ii) award Wathne her costs and disbursements incurred in this lawsuit;

(iii) award Wathne her attorneys' fees in connection with this dispute to the fullest extent permitted by law; and

(iv) grant Wathne such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 11, 2022

Respectfully yours,

WINDELS MARX LANE & MITTENDORF, LLP

By: _____
    Scott R. Matthews
    Elizabeth G. Uphaus
156 West 56th Street
New York, New York 10019
smatthews@windelsmarx.com
euphaus@windelsmarx.com
Tel: (212) 237-1000 / Fax: (212) 262-1215
*Attorneys for Third-Party*
*Defendant Thorunn Wathne*

To: Jeffrey I.D. Lewis (via ECF)
    FOLEY HOAG, LLP
    1301 Avenue of the Americas
    25th Floor
    New York, New York 10019
    646-927-5500
    jidlewis@foleyhoag.com

    AND

    Charles D. Schmerler (via ECF)
    50 West Street
    New York, New York 10006
    917-770-0275
    cschmerler@gmail.com

    *Attorneys for Third-Party Plaintiff*

{12009834:1}