UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIMO PLATT, and GORDON PLATT, *as co-trustees of the Platt Family Artwork Trust*,

        Plaintiffs,

– against –

ALLEN MICHAAN,

        Defendant.

**OPINION & ORDER**

19 Civ. 4234 (ER)

---

ALLEN MICHAAN,

        Counterclaimant,

– against –

TIMO PLATT, and GORDON PLATT, *as co-trustees of the Platt Family Artwork Trust*,

        Counterclaimant Defendants.

---

ALLEN MICHAAN,

        Defendant and Third-Party Plaintiff,

– against –

*Estate of Henry B. Platt*, by JOHN DOE 1 *as Administrator*, THORUNN WATHNE, TIMO PLATT, and GORDON PLATT*, as co-trustees of the Platt Family Artwork Trust*, and JOHN DOES 2-25,

        Third-Party Defendants.

---

Ramos, D.J.:

Plaintiffs Timo and Gordon Platt, as co-trustees ("the Trustees") for the Platt Family Artwork Trust ("the Trust") move the Court, pursuant to Federal Rule of Civil Procedure 25(c) ("FRCP"), to substitute Timo and Gordon Platt in their individual capacities ("the Platts") for the Trustees as plaintiffs in this case. Doc. 87. For the reasons set forth below, the motion is GRANTED, subject to the modifications described herein.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The facts underlying this case are described in detail in the Court's May 8, 2020 Amended Opinion and Order denying defendant Alan Michaan's motion to dismiss. *See* Doc. 38. For present purposes, the Court provides an abbreviated summary. On May 9, 2019, the Trustees initiated this action to recover two paintings owned by the Trust: "Market Day at Nuremberg" and "In the Fields of Irvington," by the artist Louis Tiffany. On November 7, 2019, the Court entered a stipulation allowing the withdrawal of Wilmer Cutler Pickering Hale and Dorr LLP as counsel for the Trust, thus leaving the Trustees to represent themselves *pro se* as of that date. Doc. 31.

On March 26, 2021, Michaan submitted a letter motion to the Court to stay the proceedings until the Trust acquired new counsel, arguing that the Trustees could not appear *pro se* on behalf of the Trust. Doc. 42. On April 5, 2021, the Court granted Michaan's motion finding that the Trust, being an artificial entity, could not proceed without counsel, and ordered the Trustees to retain counsel in order to continue prosecuting the case. Doc. 48. On April 15, 2021, the Trustees submitted a letter requesting reconsideration of the Court's April 5, 2021 Order. Doc. 49. The Trustees argued that they do not have the financial means to retain counsel. *Id.* On April 22, 2021, the Court denied the motion for reconsideration. Doc. 54.

On January 31, 2022, the Trustees moved the Court to substitute the Platts—in their individual capacities—in place of the Trustees as plaintiffs in this action, pursuant to FRCP 25(c). Doc. 87. In support of their motion, the Trustees explained that on December 21, 2021 the Platts bought from the Trustees all of the Trust's rights, title, and interest in the paintings including, but not limited to, the right to recover the paintings in this action. *See* Docs. 88–89. In other words, as the Trustees explained, the Platts, in their individual capacities, are now the owners of all interest in the Paintings. Michaan suspects this sale was illegitimate, a fraudulent transaction constructed to protect the paintings from his claims. *See* Doc. 97 at 7. The Court received briefings from both parties on the motion for substitution. *See* Docs. 87–89; 97–99.

## II. LEGAL STANDARD

Pursuant to FRCP 25(c), if an interest is transferred, an action may be continued by or against the original party, "unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FRCP 25. Courts will frequently grant motions for substitution where a party has fully transferred its interest to another person or entity. *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 451 F. Supp. 3d 294, 297–98 (S.D.N.Y. 2020) (collecting cases). A determination that a party is a successor-in-interest is a prerequisite to substitution under FRCP 25(c)(3), however once such determination has been made, it is within the court's discretion whether to substitute a party as a successor-in-interest. *Levin v. Raynor*, No. 03 Civ. 4697 (GBD) (THK), 2010 WL 2106037, at *2 (S.D.N.Y. May 25, 2010) (citing *Organic Cow, LLC v. Ctr. for New England Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003)). When deciding a motion for substitution under FRCP 25(c), courts should consider "whether substitution will expedite and simplify the action." *Collector's Coffee*, 451 F. Supp. 3d at 298 (internal citations and quotation marks omitted).

### III. ANALYSIS

Michaan does not seek to oppose substitution of the Platts as plaintiffs but opposes substitution to the extent that the motion alleges that the transaction shifts all liability from the Trustees and Trust to the Platts, and to the extent that the motion seeks substitution on the counterclaims.[1]  Doc. 97 at 2.  In other words, Michaan does not oppose substituting Timo and Gordon Platt in their individual capacities as plaintiffs *only*, but opposes their substitution for the Trust as counterclaim defendants.  Doc. 97 at 5.  Michaan argues that the Trust must remain in the litigation as a counterclaim defendant, or alternatively, as a third-party defendant because the Trust might be found liable to him, and he is concerned that substitution of the Platts in place of the Trustees and Trust might frustrate his ability to recover any eventual judgment on his counterclaims.  Doc. 97 at 7.

The Trustees claim that they are only pursuing this transfer of interest in the paintings—from the Trust to the Platts—so that they can proceed with this litigation *pro se*, arguing that this is the "only way to ensure access to justice, and for the plaintiffs' case to have its day in court." Doc. 89 at 4–5.  The Trustees also assert—wrongly—that substitution of the Platts in place of the Trustees as plaintiffs involves an automatic substitution of the same as counterclaim defendants. Doc. 99 at 3.  Specifically, they state that since, pursuant to FRCP 13, a counterclaim is a claim that a defendant has against the opposing party in a litigation, the plaintiff and the counterclaim defendant must be the same.  *Id.*  This is not so.  Under Rule 13, "a pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party." Fed. R. Civ. P. 13.  However, Plaintiffs cite to no authority, and the Court is aware of

---

[1] Michaan states that he reserves his right to raise that issue after the Trust provides relevant discovery.

none, suggesting that Rule 13 proscribes the court's discretion with respect to substitution under Rule 25.

Plaintiffs also assert that because the claims for relief are all "stated to be against the 'plaintiffs Timo Platt and Gordon Platt, as Co-Trustees of The Platt Family Artwork Trust,'" the Trustees, not the Trust, are the opposing party.  Doc. 99 at 5.  They assert, without citing to any authority in support, that the fact that "the Trustees have been pursuing this case as agents acting on behalf [of] the Trust, and have been acting in their capacities as co-trustees of the Platt Family Artwork Trust, does not mean that the Trust would be subject to any judgment or award entered against the Trustees." *Id.*

But the Court need not reach the question whether a judgment against the Platts could be enforced against the Trust's assets, because it is clear that substitution with respect to the counterclaims would only serve to confuse and draw out the litigation and, as such, would be improper.  As another court in this district has made clear, the "primary consideration" in deciding a Rule 25(c) motion is whether substitution will "expedite and simplify the action," and, where substitution would "lengthen and complicate a dispute," including by raising issues—and prompting motion practice—concerning, for example, a "sham agreement" or fraudulent conveyance, substitution should be denied.  *Adv. Mktg. Grp., Inc. v. Bus Payment Sys., LLC*, 269 F.R.D. 355, 358–59 (internal citations omitted).  As questions relating to the legitimacy of the conveyance of the paintings likely would serve only to "add duration, costs, and complexity" to the instant action, substitution here would prolong, rather than streamline the litigation.  *Id.* at 359.

Beyond this, common sense dictates that Michaan be able to pursue his counterclaim against the intended party instead of having his ability to recover any potential judgment be

5

unnecessarily frustrated by a substitution that does not serve the interests of efficiency or simplification of the action.

Since Michaan does not oppose substitution of the Platts in place of the Trustees as plaintiffs, and such substitution will serve to expedite the action by allowing the Platts to proceed *pro se* as to their claims, the Court grants the motion to substitute. The Trustees must, however, remain as counterclaim defendants, and must acquire counsel in order to defend against the counterclaims.

## IV.  CONCLUSION

For the reasons set forth above, the Plaintiffs' motion to substitute is GRANTED such that the Platts are substituted for the Trustees as plaintiffs in this action, but the Trustees remain as counterclaim defendants. The Clerk of Court is respectfully directed to terminate the motion, Doc. 87.

It is SO ORDERED.

Dated:  June 9, 2022
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.